**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELLE BARNARD,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 3:15-2220** |
| | : | **(JUDGE MANNION)** |
| **LACKAWANNA COUNTY,** | : | |
| **BRIAN LOUGHNEY, in his** | | |
| **individual capacity,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Pending before the court is a  Motion to Stay the Complaint while claims pending at the Equal Employment Opportunity Commission ("EEOC") become ripe, (Doc. 17), filed by the plaintiff, Michelle Barnard. For the foregoing reasons, the motion is **DENIED**.

By way of relevant background, on November 19, 2015, the plaintiff filed the instant action pursuant to 42 U.S.C. §1983, claiming that the defendants' engaged in First Amendment retaliation. (Doc. 1). The plaintiff, an employee of Lackawanna County for over fifteen years, participated in union picketing with the Lackawanna County Children & Youth unionized workers on May 14, 2015. *Id.* ¶¶ 10, 11. The plaintiff was subsequently suspended without pay in response to her participation in the rally. *Id.* ¶¶ 15-16. In her complaint, the plaintiff asserts two claims relating to her alleged retaliatory suspension. In Count I, the plaintiff claims that defendants, Brian Loughney and Lackawanna County, suspended her without pay in direct retaliation for engaging in First Amendment protected

activities. *Id.* ¶¶ 9-16. In Count II, the plaintiff alleges that Lackawanna County is liable under 42 U.S.C. §1983 because it failed to train and supervise its employees in a way that would ensure they did not harm employees engaging in union activities.

On December 14, 2015, the defendants filed an answer to the complaint, which both denies any liability and raises numerous affirmative defenses, including failure to state a claim and applicability of qualified immunity. (Doc. 8). In the answer, the defendants also attached five (5) exhibits to support and supplement their responses and statements made in the answer. *Id.,* Exs. A-E. The plaintiff then filed a Motion to Strike the Exhibits attached to the defendants' answer, (Doc. 11), and the defendants filed a brief in opposition. (Doc. 16). The plaintiff filed a reply brief to the defendants' opposition to her Motion to Strike on January 4, 2016. (Doc. 20).

The defendants also filed a Motion for Judgment on the Pleadings on December 14, 2015. (Doc. 9). On December 28, 2015, the plaintiff filed a brief in opposition to the defendants' Motion for Judgment on the Pleadings, (Doc. 19), to which the defendants filed a reply brief on January 11, 2016. (Doc. 21).

While the parties filed documents relating to the Motion to Strike and Motion for Judgment on the Pleadings, the plaintiff also filed a Motion to Stay the Complaint until disability claims at EEOC are ripe for prosecution ("Motion to Stay"). (Doc. 17). The defendants filed a brief in opposition to the Motion on January 11, 2016, (Doc. 22), and the plaintiff filed a reply brief on January 21,

2016. (Doc. 27). The Motion to Stay is now ripe for this court's determination.

Since commencing the instant action, the plaintiff filed a disability discrimination claim with the EEOC, relating to the defendants' alleged failure to accommodate her disability, or work related injury. (Doc. 17). The EEOC claim is currently pending, and the plaintiff now urges the court to stay the current action until the EEOC claim is resolved so that she may include it in the action. The plaintiff argues that "judicial economy requires that this action be stayed." (Doc. 18). She further argues that the disability discrimination claims involve "similar surrounding facts" and that granting a stay will save judicial and litigation costs, and prevent duplicative efforts to depose witnesses. (Doc. 27). In both the brief in support of the Motion to Stay as well as the Reply brief, the plaintiff provides the court with minimal legal support for assertion that a stay is warranted. In fact, she only cites to two cases in both of her briefs. The first case cited is from outside the Third Circuit, and the court finds it unpersuasive and inapplicable to the current motion. The second is a case from the Middle District of Pennsylvania in which Judge Conaboy stayed an action pending resolution of a second claim against the defendant employer. Cesarini v. Dempsey, No. 3:15-cv-435. The plaintiff does not reference a particular document or order from that case, and does not provide any facts or legal reasoning behind Judge Conaboy's decision to stay the action. She does not demonstrate how the case is analogous or persuasive other than a broad generalization of Judge Conaboy's decision to stay a case pending administrative proceedings. However, after analyzing the

*Cesarini* docket, the court finds the facts are distinguishable from the facts in Ms. Barnard's case, and therefore unpersuasive.[1]

The defendants' brief in opposition, on the other hand, includes a thorough discussion of the relevant legal framework through which the court must analyze the instant motion. "The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994). As numerous courts in the Third Circuit and the Middle District have held, "[i]n determining whether to grant a motion to stay, courts should consider: (1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." Structural Grp., Inc. v. Liberty Mut. Ins. Co., No. Civ.A 1:07-CV-01793, 2008 WL 4616843,

---

[1] In *Cesarini,* the federal claims and administrative EEOC claims at issue involved the same individuals, the same time frame, and the same events leading to the plaintiff's ultimate termination as an employee of the defendant. Cesarini v. Dempsey, No. 3:15-cv-435. The legal claims, the facts, and the individuals were intertwined and closely related. This case, as will be discussed below, involves administrative claims that are *distinct* from claims already filed in federal court. While it may have made judicial sense to stay the action in *Cesarini* to allow the overlapping and interrelated administrative claims to be later added, the facts here do not lend themselves to that type of judicial efficiency. Furthermore, Judge Conaboy's order in *Cesarini* does not specify his reasoning for granting the stay; therefore, we cannot definitely conclude what facts or law formed the basis for his determination. Because the facts of this case are completely distinguishable, we find *Cesarini* unpersuasive and inapplicable to the present motion.

at *5 (M.D. Pa. Oct. 16, 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004)); *see also* Scicchitano v. Cty. of Northumberland, No. 4:15-CV-00852, 2015 WL 7568357, at *2 (M.D. Pa. Nov. 25, 2015); Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc., No. 1:13-CV-605, 2013 WL 1397434, at *2 (M.D. Pa. Apr. 5, 2013); Vasvari v. Rite Aid Corp., No. 09-CV-2069, 2010 WL 3328210 (M.D. Pa. Aug. 23, 2010). The Third Circuit has further noted that, "*efficiency* does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum." *CTF Hotel Holdings, Inc.*, 381 F.3d at 139 (emphasis added).

After careful consideration of the four factors outlined above, the court finds that a stay is not appropriate in these circumstances. The first factor requires the court to look at the potential length of the stay. The plaintiff requests that the stay last only until the EEOC resolves the dispute or issues a right to sue notice. According to relevant provisions of the Code of Federal Regulations, the EEOC, a notice of right to sue may not be issued earlier than "180 days from the date of filing of the charge with the Commission." 29 C.F.R. §1601.28(a)(1). The aggrieved person, here the plaintiff, may then  bring a civil action "within 90 days from receipt of such authorization." *Id.* §1601.28(e)(1). Thus, the stay could last between 180 to 270 days from the date that the plaintiff filed the discrimination claim with the Commission. This is a significant amount of time to halt litigation, and has a direct bearing on the hardship or potential injury that the non-movant

would suffer if the stay were granted, which will be discussed below. The court finds that this factor weighs in favor of denying the stay.

The court must next examine the hardship or inequity that the plaintiff will face if the stay is not granted. As the facts demonstrate, the complaint here focuses on plaintiff's suspension allegedly in retaliation for attending a union rally. The EEOC disability discrimination claim relates to a work-place injury sustained by the plaintiff and the defendants' alleged failure to accommodate such injury. The facts in the complaint and the EEOC claim are distinct and unrelated; therefore, the plaintiff would in no way be precluded or prevented from bringing the EEOC disability claims in federal court at a later date, should the need arise. Collateral estoppel would provide no bar to bringing these claims in the future, and therefore, she will not be injured or prejudiced by filing this claim separately rather than in conjunction with the current action. While the plaintiff states that the facts are "similar," the court does not agree. The only similarity between the claims is that the plaintiff and Lackawanna County are parties.[2] In addition, at no point does plaintiff allege that denial of this motion will harm or be

---

[2] The plaintiff's submissions to the court do not indicate that Brian Loughney would be a party in the EEOC claim. In addition, the Americans with Disabilities Act ("ADA"), which forms the legal basis for the plaintiff's EEOC claim, does not permit personal liability; thus, Brian Loughney could not be a defendant to that claim. Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir.1996) ("Congress did not intend to hold individual employees liable under Title VII."); *see also* Michalesko v. Freeland Borough, 18 F. Supp. 3d 609, 626 (M.D. Pa. 2014).

inequitable to her in any way, which the Supreme Court requires in order to justify a stay. *See* Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). Therefore, we see no reason that the plaintiff would suffer any hardship or inequity as a result of moving forward with the litigation.

The defendants, however, may suffer injury if the stay were granted. Staying the action between 180 and 270 months means that Lackawanna County and an individual, Brian Loughney, must wait in limbo for over half of a year. In addition, as the defendants state in their brief, Brian Loughney must suffer the stress both mentally and financially of being a defendant in a federal suit and consequently putting his personal assets at risk. (Doc. 22, p. 7). While not a grave injury, the defendants would suffer minor injury as a result of granting a stay and putting a halt to the litigation.

Finally, the court must consider the efficiency and promotion of judicial economy that would result by granting the stay. The plaintiff, as noted previously, bases her entire argument in support of a stay on judicial economy. She repeatedly states that it "makes judicial sense" to stay the action. (Doc. 18, p. 2); (Doc. 27, p. 2). She argues that the claims are similar, and that denying the stay would result in the plaintiff filing an additional action in the future, which would use up additional judicial resources and add litigation costs. As the court previously stated, the facts relating to the complaint and those relating to the EEOC claim are *distinct*. There may be a few overlapping parties–i.e., the plaintiff and Lackawanna County–, but the circumstances and legal claims *are*

*completely distinct.* The claims do not arise from the same events or result from the same policies or procedures. Instead, they require different legal standards, legal proof, and witnesses. Given the facts before it, the court concludes that it does not make "judicial sense" to disrupt an action that is well underway in order to allow the plaintiff the convenience of adding a distinct, separate claim in the future.

As the Third Circuit stated in Breyer, "[a] stay is an extraordinary measure" requiring "compelling reasons for its issuance." United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994). After careful consideration of all four factors, the court finds that the plaintiff failed to demonstrate any compelling reasons for issuing a stay and that all factors weigh in favor of denying the instant motion.

For the foregoing reasons, Motion to Stay the Complaint while claims pending at the EEOC become ripe, (Doc. 17), filed by the plaintiff, is hereby **DENIED**. An appropriate order shall follow.


S/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 29, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2220-01.wpd